# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF

In re: §
§
BRADFORD, IMMACULADA § Case No. 14-12315 DRC
BRADFORD, BRUCE M. §
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on         . The undersigned trustee was appointed on              .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                       $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]      $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/GINA B. KROL_____
                                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 14-12315 | DRC | Judge: Donald R. Cassling |
|---|---|---|---|
| Case Name: | BRADFORD, IMMACULADA | | |
| | BRADFORD, BRUCE M. | | |
| For Period Ending: | 04/23/15 | | |

| Trustee Name: | GINA B. KROL |
|---|---|
| Date Filed (f) or Converted (c): | 04/02/14 (f) |
| 341(a) Meeting Date: | 04/30/14 |
| Claims Bar Date: | 09/08/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. SINGLE FAMILY HOME 147 N. LAMBERT RD. GLEN ELLYN, | 252,189.00 | 0.00 | | 0.00 | FA |
| 2. Checking Account at Charter One | 1,000.00 | 0.00 | | 0.00 | FA |
| 3. HOUSEHOLD GOODS  T.V., & Furniture | 1,000.00 | 0.00 | | 0.00 | FA |
| 4. WEARING APPAREL  Normal Apparel | 1,000.00 | 0.00 | | 0.00 | FA |
| 5. FIREARMS AND HOBBY EQUIPMENT  Firearms (Guns); Expensive Equipment (Sports, Hobby) P.P.J. Hand Gun & 340 Rifle | 500.00 | 0.00 | | 0.00 | FA |
| 6. CONTINGENT CLAIMS  Husband's Wrongful Termination Northern District of Illinois Bradford v. Village of Lombard - 11 C 37 Attorney for Plaintiff: Timothy Coffey, Esq. | Unknown | 0.00 | | 555,000.00 | FA |
| 7. VEHICLES  2010 Mitsubishi Galant Mitsubishi Motors Credit Secured Lien $25,000 | 9,575.00 | 0.00 | | 0.00 | FA |
| 8. VEHICLES  2004 Volkswagen Golf | 3,175.00 | 0.00 | | 0.00 | FA |
| 9. Emergency Cash Fund (u) | 1,100.00 | 0.00 | | 0.00 | FA |
| 10. Checking account at Community Bank Wheaton | 314.60 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)     $269,853.60     $0.00     $555,000.00     $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

LFORM1    UST Form 101-7-TFR (5/1/2011) *(Page: 3)*      Ver: 18.04

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | |
|---|---|
| Case No: 14-12315   DRC   Judge: Donald R. Cassling | Trustee Name: GINA B. KROL |
| Case Name: BRADFORD, IMMACULADA | Date Filed (f) or Converted (c): 04/02/14 (f) |
| BRADFORD, BRUCE M. | 341(a) Meeting Date: 04/30/14 |
| | Claims Bar Date: 09/08/14 |

TFR submitted to UST for review
April 16, 2015, 09:42 am

Mr. Bradford has pending wrongful termination action. Trustee employed special counsel. Trial to be held before end of year.
October 01, 2014, 04:41 pm

Initial Projected Date of Final Report (TFR): 12/31/15      Current Projected Date of Final Report (TFR): 12/31/15

           /s/    GINA B. KROL
_____   Date: 04/23/15
           GINA B. KROL

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| Case No: | 14-12315 -DRC | | Trustee Name: | GINA B. KROL |
|---|---|---|---|---|
| Case Name: | BRADFORD, IMMACULADA | | Bank Name: | ASSOCIATED BANK |
| | BRADFORD, BRUCE M. | | Account Number / CD #: | *******7731  Checking Account |
| Taxpayer ID No: | *******7290 | | | |
| For Period Ending: | 04/23/15 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 03/16/15 | 6 | Lexington Insurance Company<br>Syracuse, NY  13206 | Settlement | 1149-000 | 555,000.00 | | 555,000.00 |
| 03/19/15 | 030001 | Mr. Timothy Coffey<br>351 W. Hubbard<br>Suite 602<br>Chicago, IL 60654 | Special Counsel Fees | 3210-600 | | 222,000.00 | 333,000.00 |
| 03/19/15 | 030002 | Mr. Timothy Coffey<br>351 W. Hubbard<br>Suite 602<br>Chicago, IL 60654 | Special Counsel Expenses | 3220-610 | | 15,729.59 | 317,270.41 |
| 03/19/15 | 030003 | Bruce Bradford<br>147 N. Lambert Road<br>Glen Ellyn, IL 60137 | Initial Surplus per Court Order | 8200-000 | | 100,000.00 | 217,270.41 |
| 03/23/15 | 030004 | Department of Treasury<br>Internal Revenue Service<br>Cincinnati, OH  45999-148 | Estate 1040 Liability | 2810-000 | | 84,086.00 | 133,184.41 |
| 03/23/15 | 030005 | Illinois Dept. of Revenue<br>PO Box 19053<br>Springfield, IL 62794-9053 | Estate's IL-1040 Liability | 2820-000 | | 14,182.00 | 119,002.41 |
| 04/07/15 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 283.36 | 118,719.05 |

**FORM 2**

Page: 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 14-12315 -DRC | Trustee Name: | GINA B. KROL |
|---|---|---|---|
| Case Name: | BRADFORD, IMMACULADA | Bank Name: | ASSOCIATED BANK |
| | BRADFORD, BRUCE M. | Account Number / CD #: | *******7731 Checking Account |
| Taxpayer ID No: | *******7290 | | |
| For Period Ending: | 04/23/15 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

|  |  |  |  |  |
|---|---|---|---|---|
| Account *******7731 | Balance Forward | 0.00 | | |
| 1 | Deposits | 555,000.00 | 5 Checks | 435,997.59 |
| 0 | Interest Postings | 0.00 | 1 Adjustments Out | 283.36 |
| | | | 0 Transfers Out | 0.00 |
| | Subtotal | $ 555,000.00 | | |
| | | | Total | $ 436,280.95 |
| 0 | Adjustments In | 0.00 | | |
| 0 | Transfers In | 0.00 | | |
| | Total | $ 555,000.00 | | |

/s/   GINA B. KROL

Trustee's Signature: _____   Date: 04/23/15

GINA B. KROL

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | | Date: April 23, 2015 |
|---|---|---|---|---|---|---|---|
| Case Number: | 14-12315 | Priority Sequence | | | | | |
| Debtor Name: | BRADFORD, IMMACULADA | | | Joint Debtor: | BRADFORD, BRUCE M. | | |

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 001<br>2100-00 | Gina B. Krol<br>105 W. Madison Street<br>Suite 1100<br>Chicago, IL 60602 | Administrative | | $0.00 | $22,093.32 | $22,093.32 |
| 001<br>3410-00 | Alan D. Lasko<br>120 S. LaSalle St.<br>Chicago, IL 50502 | Administrative | | $0.00 | $1,622.40 | $1,622.40 |
| 001<br>3420-00 | Alan D. Lasko<br>120 S. LaSalle St.<br>Chicago, IL 50502 | Administrative | | $0.00 | $14.52 | $14.52 |
| 000001<br>070<br>7100-90 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $0.00 | $4,032.23 | $4,032.23 |
| 000002<br>070<br>7100-00 | Navient Solutions, Inc.<br>Department of Education Loan Services<br>P.O. Box 9635<br>Wilkes-Barre, PA 18773-9635 | Unsecured | | $0.00 | $1,872.80 | $1,872.80 |
| 000003<br>070<br>7100-90 | MMCA<br>PO BOX 9940<br>MOBILE, AL 36691-0940 | Unsecured | | $0.00 | $9,158.97 | $9,158.97 |
| 000004<br>070<br>7100-90 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $0.00 | $1,767.54 | $1,767.54 |
| 999<br>8200-00 | BRUCE BRADFORD<br>WHEATON, IL  60187 | Unsecured | | $0.00 | $0.00 | $78,133.65 |
| | Case Totals: | | | $0.00 | $40,561.78 | $118,695.43 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-12315 DRC
Case Name: BRADFORD, IMMACULADA
                BRADFORD, BRUCE M.
Trustee Name: GINA B. KROL

      Balance on hand               $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: GINA B. KROL | $ | $ | $ |
| Accountant for Trustee Fees: Alan D. Lasko | $ | $ | $ |
| Other: Alan D. Lasko | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses    $_____

    Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $    must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

NONE

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 | $ | $ | $ |
| 000002 | Navient Solutions, Inc.<br>Department of Education Loan Services<br>P.O. Box 9635<br>Wilkes-Barre, PA 18773-9635 | $ | $ | $ |
| 000003 | MMCA<br>PO BOX 9940<br>MOBILE, AL 36691-0940 | $ | $ | $ |
| 000004 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | $ | $ | $ |

    Total to be paid to timely general unsecured creditors       $_____

    Remaining Balance       $_____

    Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

      Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be         percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

      To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of       % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $         . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

      The amount of surplus returned to the debtor after payment of all claims and interest is $                     .